1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10   CLAUDINE OSGOOD, an individual,          CASE NO. 16cv2415-GPC(BGS)
     and ANTON EWING, an individual,
11                                            **ORDER DENYING PLAINTIFFS'**
                                              **MOTION TO REMAND TO STATE**
12                           Plaintiff,       **COURT**
          v.
13

14   MAIN STREAT MARKETING, LLC,             [Dkt. No. 12.]
     a Utah limited liability company;
15   JERROD ROBKER, an individual aka
     Jerrod McAllister; Does 1-100, ABC
16   Corporations 1-100, XYZ, LLC's 1-
     100,
17
                             Defendants.
18

19        Before the Court is Plaintiff Anton Ewing's motion to remand to state court.

20   (Dkt. No. 12.)  An opposition and a reply was filed.  (Dkt. Nos. 14, 18.)  On November

21   7, 2016, Plaintiff Claudine Osgood filed a reply.[1]  (Dkt. No. 25.)  Based on the

22   reasoning below, the Court DENIES Plaintiffs' motion to remand.

23                              **Background**

24        On August 15, 2016, Plaintiffs Claudine Osgood and Anton Ewing, proceeding

25   *pro se*, filed a state court complaint in the San Diego Superior Court for violation of

26   the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA"); violation

27   _____

28        [1]Because Plaintiffs are proceeding pro se, the Court liberally construes Plaintiffs'
     pleadings and considers the arguments raised in Osgood's reply even though she did
     not file a motion to remand.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

                              - 1 -                    [16cv2415-GPC(BGS)]

1  of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c) *et seq.*

2  ("RICO"); and violation of California Penal Code sections 632 and 637.2(a)-(b) against

3  Defendants Jerrod McAllister and Main Streat Marketing, LLC.  (Dkt. No. 1-2,

4  Compl.)  On or about August 16, 2016, Plaintiffs served the Complaint and Summons

5  on Defendant Main Streat and Defendant McAllister via mail with return receipt

6  requested sent to 333 Nth Main Street, Cedar City, UT 84721.  (Dkt. No. 1-2, Notice

7  of Removal, Ex. A at 39, 41[2].)

8  On September 26, 2016, Defendants filed a notice of removal.  (Dkt. No. 1.)  On

9  October 4, 2016, Plaintiffs filed a first amended complaint.  (Dkt. No. 11.)

10  **Discussion**

11  **A.   Motion to Remand**

12  Plaintiffs move to remand the case to state court arguing that the notice of

13  removal was not timely filed as it was filed more than 30 days after Defendants were

14  served on August 16, 2016 contrary to 28 U.S.C. § 1446(b).  Defendants argue they

15  timely complied with 30 day time requirement under 28 U.S.C. § 1446(b) because in

16  California service of process is deemed complete 10 days after mailing pursuant to

17  California Code of Civil Procedure section 415.40 ("section 415.40").

18  A motion to remand is the procedure to challenge removal of an action to federal

19  court. 28 U.S.C. § 1447(c).  There is a presumption against removal and the defendant

20  always has the burden to demonstrate that removal was proper.  Moore-Thomas v.

21  Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

22  Under 28 U.S.C. § 1446, a notice of removal of a civil action must be filed

23  within 30 days after "the receipt by the defendant, through service or otherwise . . . ."

24  28 U.S.C. § 1446(b).  California Code of Civil Procedure section 415.40 provides,

25
26
27
> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

28

[2]Page numbers are based on the CM/ECF pagination.

1    Cal. Code Civ. Proc. § 415.40.  According to this provision, service is deemed

2    complete on the 10th day after such mailing.  Id.

3         A defendant's time to remove is triggered by formal service of the summons or

4    complaint and "not by mere receipt of the complaint unattended by any formal service."

5    Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  The

6    thirty-day period is "triggered" by "simultaneous service of the summons and

7    complaint" or by "receipt of the complaint 'through service or otherwise' after and

8    apart from service of the summons, but not by mere receipt of the complaint unattended

9    by any formal service."  Id.  While not addressing whether service may be effectuated

10   pursuant to state law, courts have noted the Supreme Court's reliance on state law

11   service of process to trigger a defendants' removal obligations in Murphy.  City of

12   Clarksdale v Bellsouth Telecomms., Inc., 428 F.3d 206, 210 n.6 (5th Cir. 2005) (noting

13   that Supreme Court examined the various state procedure for initiating a lawsuit and

14   the effect of these differences on the removal statutes); Perez v. Bank of America,

15   N.A., No. EP-13cv285-KC, 2013 WL 5970405, at *3 (W.D. Texas, Nov. 7, 2013)

16   (citing Murphy as it described official service with reference to "local law"); In re

17   Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 190, 195 (D. Mass.

18   2004) ("After Murphy Brothers, proper service of process under state law is required

19   to trigger a defendant's removal obligations.").  "Although federal law requires the

20   defendant to file a removal motion within thirty days of service, the term 'service of

21   process' is defined by state law."  City of Clarksdale, 428 F.3d at 210; Usatorres v.

22   Marina Mercante Nicaraguenses, 768 F.2d 1285, 1286 n. 1 (11th Cir.1985) ("A federal

23   court may consider the sufficiency of process after removal and does so by looking to

24   the state law governing process.").

25        Even prior to Murphy, the Ninth Circuit has held that "the sufficiency of service

26   of process prior to removal is strictly a state law issue."  Lee v. City of Beaumont, 12

27   F.3d 933, 936-37 (9th Cir. 1993), overruled on other grounds, California Dept. of

28   Water Resources v. Powerex Corp., 533 F.3d 1087, 1096 (9th Cir. 2008)).  In line with

1    this statement, district courts have held that "[s]tate law determines when the defendant

2    first receives formal service of process."   Taylor Morrison of Cal., LLC v. First

3    Specialty Ins. Corp., Case No. SACV 15-1711 JVS(JCGx), 2015 WL 8215345, at *3

4    (C.D. Cal. Dec. 8, 2015) (applying 10 days period in section 415.40 in calculating start

5    date of 30 day period for removal); Trust v. Staab, No. EDCV 15-1357 JVS(SPx), 2015

6    WL 8493925, at *2 (C.D. Cal. Dec. 9, 2015) (applying Cal. Civ. Proc. Code § 415.56

7    to conclude that service becomes effective 10 days after posting and mailing under);

8    Watts v. Enhanced Recovery Corp., No. 10cv2606-LHK, 2010 WL 3448508, at *3

9    (Sept. 1, 2010) ("The sufficiency of service of process prior to removal from state court

10   is determined under state law."); see Big B Automotive Warehouse Distribs., Inc. v.

11   Cooperative Computing, Inc., No SC 00-2602, 2000WL 1677948, at *4 (N.D. Cal.

12   Nov. 1, 2000) (applying ten day grace period under section 415.40 to determine

13   whether notice of removal was timely).  Moreover, in Jimena v. Standish, 504 Fed.

14   App'x 632 (9th Cir. 2013), the Ninth Circuit held that the district court properly denied

15   Jimena's motion to remand because defendants' notice of removal was timely and cited

16   to 28 U.S.C. § 1446(b) and Cal. Civ. Proc. Code § 415.40.  Id. at 634.

17        Plaintiffs argue they served the summons and complaint pursuant to section

18   415.40 by mailing them registered mail with return receipt.  According to Plaintiffs, the

19   30 day period begins to run on the date of mailing, which was August 16, 2016.

20   Plaintiffs also allege that Defendants received the summons and complaint on August

21   22, 2016, and Plaintiff Ewing emailed[3] the summons and complaint to Defendant

22   McAllister on August 16, 2016.  Therefore, Ewing argues that Defendants had notice

23   of the lawsuit as early as August 16, 2016 and as late as August 22, 2016 and the notice

24   of removal is untimely based on either of these dates.  In reply, Plaintiffs argue that the

25   10 day service rule in section 415.40 does not apply to 28 U.S.C. § 1446's 30 day

26   requirement.   However, Plaintiffs' argument is not supported by case law.   As

27

28        [3]Plaintiffs have not provided authority that email is a proper method of service
     in California.

1  discussed above, state law determines when service of process is effectuated prior to

2  removal.

3        On August 16, 2016, Plaintiffs mailed copies of the summons and complaint to

4  each Defendant by "first-class mail, postage prepaid, requiring a return receipt." (Dkt.

5  No. 1-2, Notice of Removal at 39, 41.)   Pursuant to section 415.40, service was

6  completed ten days later on August 26, 2016.   Therefore, Defendant had thirty days

7  from August 26, 2016 to file the notice of removal.   Thirty days from August 26, 2016

8  was September 25, 2016, which was a Sunday.   Under Fed. R. Civ. P. 6(a)(1)(C), in

9  computing any time period if the "last day is a . . . Sunday . . the period continues to

10 run until the end of the next day that is not a . . . Sunday . . . ."   Therefore, since

11 September 25, 2016 was a Sunday, the thirty day period to file a notice of removal was

12 Monday, September 26, 2016.   Defendant filed its notice of removal on September 26,

13 2016. (Dkt. No. 1.)   The notice of removal was timely under 28 U.S.C. § 1446(b), and

14 thus, the Court DENIES Plaintiffs' motion to remand to state court.

**Conclusion**

15

16        Based on the above, the Court DENIES Plaintiffs' motion to remand to state

17 court.   The hearing set for November 18, 2016 shall be **vacated.**

18        IT IS SO ORDERED.

19

20 DATED:  November 15, 2016

21

22                                HON. GONZALO P. CURIEL
                                United States District Judge

23

24

25

26

27

28

- 5 -                                          [16cv2415-GPC(BGS)]