1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   CLAUDINE OSGOOD, an individual,      CASE NO. 16cv2415-GPC(BGS)
     and ANTON EWING, an individual,
11                                        **ORDER**
                              Plaintiff,
12                                        **(1) GRANTING IN PART AND**
                                          **DENYING IN PART**
13                                        **DEFENDANTS' MOTION TO**
                                          **DISMISS;**
14        v.
                                          **(2) GRANTING IN PART AND**
15                                        **DENYING IN PART**
                                          **DEFENDANTS' MOTION TO**
16                                        **STRIKE;**

17                                        **(3) DENYING DEFENDANTS'**
18   MAIN STREAT MARKETING, LLC,          **REQUEST FOR SANCTIONS; AND**
     a Utah limited liability company;
19   JERROD ROBKER, an individual aka     **(4) GRANTING PLAINTIFFS'**
     Jerrod McAllister; Does 1-100, ABC   **REQUEST FOR LEAVE OF**
20   Corporations 1-100, XYZ, LLC's 1-    **COURT TO FILE A SECOND**
     100,                                 **AMENDED COMPLAINT**
21
                              Defendants.  [Dkt. Nos. 15, 16.]
22

23            Before the Court are Defendants Main Street Marketing, LLC ("Main Streat")

24   and Jerrod McAllister's[1] ("McAllister") (collectively "Defendants") motion to dismiss

25   _____

26            [1]Plaintiff Ewing complains that Defendants' attorney has moved on behalf of
     Jerrod McAllister which is only an aka for Jerrod Robker and fails to describe or
27   disclose anything about the real status of Jerrod Robker in order to conceal his criminal
     record.  (Dkt. No. 26 at 2 n. 2.)  Defendant Jerrod McAllister moved to dismiss the first
28   amended complaint without reference to whether Jerrod McAllister is an aka for Jerrod
     Robker.  Therefore, the Court refers to the individual Defendant as McAllister, and not

pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and motion to strike pursuant to Rule 12(f).  (Dkt. Nos. 15, 16.)  Plaintiffs Anton Ewing ("Ewing") and Claudine Osgood ("Osgood") separately filed oppositions to the motion to dismiss. (Dkt. No. 26, 30).  Plaintiffs, together, also filed an opposition to the motion to strike. (Dkt. No. 28.)  Replies to both motions were filed.  (Dkt. Nos. 31, 32.)  The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Based on the reasoning below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss with leave to amend and GRANTS in part and DENIES in part Defendants' motion to strike.[2]

**Procedural Background**

On September 26, 2016, the case was removed from state court.  (Dkt. No. 1.) On October 4, 2016, Plaintiffs Anton Ewing and Claudine Osgood, proceeding *pro se*, filed a first amended complaint ("FAC").  (Dkt. No. 11.)  The amended complaint alleged three causes of action for  violations under the California Invasion of Privacy Act ("CIPA") pursuant to California Penal Code section 630 *et. seq*.; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), pursuant to 18 U.S.C. §§ 1962

---

Robker as Plaintiffs allege until discovery reveals whether they are the same person.

[2]Both Plaintiffs argue that the Court should not consider Defendants' Rule 12(b)(6) motion to dismiss because Defendants did not properly file it because it was withdrawn on November 8, 2016 and refiled the same day without Defendants obtaining another hearing date from the Court.  (Dkt. Nos. 21, 22.)  On November 7, 2016, Defendants filed a notice of errata concerning its Rule 12(b)(6) motion explaining that they did not reference Rule 12(b)(6) as a basis for dismissal of the FAC in their notice of motion.  Thereafter, Defendants received notification from the Clerk's Office that the filing was incorrect and to withdraw and refile the proper document. (Dkt. No. 20.)  Therefore, on November 8, 2016, pursuant to the Clerk's Office direction, Defendants withdrew their motion to dismiss, (Dkt. No. 16) and refiled it, (Dkt. No. 22).  Due to the administrative clerical error, Defendants did not need to obtain another hearing date when it refiled its notice of motion in order to correct a clerical error and did not violate any rules of Court.

The Court notes that the entirety of the motion was not refiled in Docket Number 22 and only the notice of motion was filed.  Therefore, the Court considers the memorandum of points and authorities docketed at Docket Number 16.

[16cv2415-GPC(BGS)]

1  (c), and (d)); and the Telephone Consumer Protection Act ("TCPA") pursuant to 47

2  U.S.C. § 227.  (Dkt. No. 11, FAC).

3                              **Factual Background**

4       Plaintiffs are individuals who reside in California.  Defendants Main Streat and

5  McAllister, as an alter ego of Main Streat, maintain three domestic and international

6  call centers from which consumer calls are placed by Defendants' business units using

7  an automated telephone dialing system ("ATDS") and calls are recorded using

8  recording devices without Plaintiffs' consent. (Dkt. No. 11, FAC ¶¶ 22, 57.)  Using an

9  ATDS, Defendants can initiate up to two thousand calls a day to call consumers'

10 business and cellular telephones up to five times a day.  (Id. ¶ 60.)  Once consumer

11 information is uploaded onto Defendants' computer system, the ATDS initiates the call,

12 and when a consumer answers, the call is routed to an available agent.  (Id. ¶¶ 60, 62.)

13 The recording of the calls begins when the Defendants' agents pick up the call and the

14 agents do not know which calls are being recorded.  (Id. ¶ 62.)  Defendants use a

15 centralized call recording hardware and software to record the calls.  (Id. ¶ 60.)

16 Defendants and their employees have admitted that all calls are recorded and no

17 warnings about the recordings are provided to the consumers.  (Id. ¶¶ 56, 62, 63, 64.)

18      According to the first amended complaint, on August 11, 2016, Defendants or

19 one of their employees called Plaintiff Osgood on her personal cellular telephone even

20 though she is registered with the national do-not-call list for calls and/or texts.  (Dkt.

21 No. 11, FAC ¶ 23.)  Osgood informed the caller that her phone number was on the do-

22 not-call registry and requested a copy of the internal do-not-call policy.  (Id. ¶ 24.)

23 Despite her comments, Defendant Main Streat continues to repeatedly call her to

24 telemarket its "scam business program."  (Id.)

25      On an unspecified date, employees of Main Streat, Kim Swanson and Cory

26 Williams, called Plaintiff Ewing repeatedly even after Ewing demanded that they stop

27 calling.  (Id. ¶ 36.)  Devoy and Cory Williams confessed that Main Streat uses a third

28

party company in India to originate its telemarketing calls in an effort to intentionally evade federal and California criminal laws that prohibit telemarketing and illegal recording.  (Id. ¶ 37.)  Cory Williams also admitted that Main Streat records calls without providing any advance warning.  (Id. ¶ 38.)

Plaintiffs Osgood and Ewing were not advised at the outset of their calls that the calls might be recorded.  (Id. ¶ 53.) Plaintiffs allege they had a reasonable expectation that the conversations were not being recorded, monitored or overheard.   (Id.) Defendant McAllister refused to provide Plaintiffs with a copy of its do-not-call policy and refused to take their name and telephone numbers off the telemarketing list.  (Id. ¶ 54.)

**Discussion**

**MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) & 12(b)(1)**

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

1  liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause

2  of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for

3  a complaint to survive a motion to dismiss, the non-conclusory factual content, and

4  reasonable inferences from that content, must be plausibly suggestive of a claim

5  entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.

6  2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as

7  true all facts alleged in the complaint, and draws all reasonable inferences in favor of

8  the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  The court

9  evaluates lack of statutory standing under the Rule 12(b)(6) standard. Maya v. Centex

10  Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

11  However, because Plaintiffs are proceeding pro se, their complaint "must be held

12  to less stringent standards than formal pleadings drafted by lawyers" and must be

13  "liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)

14  (reaffirming standard reviewing pro se complaints post-Twombly).  The Ninth Circuit

15  has concluded that the court's treatment of pro se filings after Twombly and Iqbal

16  remain the same and pro se pleadings must continue to be liberally construed.  Hebbe

17  v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also McGowan v. Hulick, 612 F.3d

18  636, 640-42 (7th Cir. 2010); Bustos v. Martini Club Inc., 599 F.3d 458, 461-62 (5th

19  Cir. 2010); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even

20  following Twombly and Iqbal, "we remain obligated to construe a pro se complaint

21  liberally").

22  Defendants argue that the Court should not liberally construe the FAC because

23  Plaintiff Ewing attended law school and has filed dozens of TCPA and RICO cases in

24  California state and federal courts over the past decade.  Defendants do not dispute that

25  Plaintiff Osgood should be entitled to the leniency afforded to a pro se litigant.

26  District courts have held that licensed attorneys representing themselves are not

27  entitled to the same liberal treatments as pro se litigants if they are registered members

28

of the bar.  See Rossmann v. Donaldson, 2016 WL 6605148, at *1 (E.D. Okla. Oct. 4, 2016) (citing Rossman v. Steizel, No. 11-CV-4293(JS)(ETB), 2011 WL 4916898, at *3 (E.D. N.Y. Oct. 13, 2011) ("Here, given that the Plaintiff is an attorney having attended Harvard Law School and who is currently registered as a member of Bar of the State of New York since 1990, his pleading is not entitled to the degree of liberality ordinarily given to pro se plaintiffs.")); Rossmann v. Lazarus, No. 1:08cv316(JCC), 2008 WL 4550791 at *1, n.1 (E.D. Va. Oct. 7, 2008) ("The Court notes that while Plaintiff has filed this lawsuit pro se, he is an attorney licensed to practice law in the state of New York.  Consequently, the Court will hold Plaintiff's pleadings and briefs to the same standard it would if he were represented by counsel, and not provide him the benefit of the doubt that is normally afforded a pro se plaintiff not versed in the practice of law.").  Other courts have further declined to grant a plaintiff, who graduated from law school and demonstrated familiarity with the law based on past litigation, liberal construction of pleadings. See Martin-Trigona v. Shiff, 702 F.2d 380, 389 (2nd Cir. 1983) (declining to make allowances for plaintiff who filed an improper writ of habeas corpus where plaintiff was a law school graduate and demonstrated his familiarity with substantive and procedural law in his frequent litigation); Day–Petrano v. Levine, No. 8:06–CV–1647–T–27TBM, 2006 WL 3841789, at *1 (M.D. Fla. Dec.14, 2006) (in light of Plaintiff's extensive litigation experience and legal education, she was "not entitled to the usual liberal construction of pleadings afforded pro se litigants.").

The Ninth Circuit has not yet ruled on whether a pro per litigant, who graduated from law school and has familiarity with the law based on prior litigation in courts, is entitled to liberal construction of his or her pleadings.  One district court questioned whether a plaintiff who is a law school graduate, but not a practicing attorney should be entitled to the leniency traditionally afforded to a pro se litigant. See Hupp v. City of Walnut Creek, 389 F. Supp. 2d 1229, 1232 n.5 (N.D. Cal. 2005).

[16cv2415-GPC(BGS)]

Since the law is not settled in this circuit on whether a pro se plaintiff who attended law school and has past litigation experience is entitled to liberal construction of his or her pleadings, the Court will liberally construe Plaintiff Ewing's pleadings. Moreover, since one of the two plaintiffs, Osgood, is pro se and Defendants do not allege she has any legal training, the Court must, nonetheless, construe the pleadings in the FAC liberally. See Erickson, 551 U.S. at 94.

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**B.     Legal Standard on Federal Rule of Civil Procedure 12(b)(1)**

Defendants also move to dismiss challenging subject matter jurisction of this Court under Rule 12(b)(1) arguing that Plaintiffs lack Article III standing as to their claims under CIPA and the TCPA.[3]

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Rule 12(b)(1) jurisdictional attacks can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In resolving a facial challenge, the court considers whether "the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court must accept the allegations as true and must draw all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004).

---

[3]While Defendants' notice of motion states that it moves under Rule 12(b)(1) and 12(b)(6), (Dkt. No. 22), the memorandum of points and authorities only provides a legal standard under Rule 12(b)(6).  (Dkt. No. 16-1.)

[16cv2415-GPC(BGS)]

1  In resolving a factual challenge, the court may consider evidence outside the complaint

2  and ordinarily "need not presume the truthfulness of the plaintiff's allegations." <u>Safe</u>

3  <u>Air for Everyone</u>, 373 F.3d at 1039.  Here, while not addressed by Defendants, it

4  appears they are launching a facial challenge to subject matter jurisdiction as no

5  evidence outside the complaint is presented to challenge subject matter jurisdiction.

6                                                **Analysis**

7  **A.    California Invasion of Privacy Act ("CIPA")**

8          The FAC alleges violations of California Penal Code sections 632 and 637.2(a)-

9  (b) for Defendants' recording of confidential telephone conversations without

10  informing Plaintiffs.  (Dkt. No. 11, FAC ¶¶ 76-84.)

11          Defendants argue that this claim should be dismissed because Penal Code section

12  632(a) only applies to landline communications while Penal Code section 632.7 applies

13  to unconsented recordings of cellular phone communications.  Since Plaintiffs allege

14  only a violation of section 632, which does not apply to the facts in this case, and

15  Plaintiffs failed to correct the deficiency even after defense counsel raised this issue to

16  Plaintiff Ewing in an email dated September 21, 2016, (Dkt. No. 16-2, Mahmood Decl.,

17  Ex. A), Defendants argue that the claim should be dismissed without leave to amend.

18  Plaintiffs oppose arguing they should be granted leave to amend a "mistake" in drafting

19  their complaint especially as they are proceeding pro se.

20          Penal Code section 632[4] applies to landline communications while Penal Code

21  _____

22          [4]California Penal Code section 632 provides,

23      (a) Every person who, intentionally and without the consent of all
        parties to a confidential communication, by means of any electronic
24      amplifying or recording device, eavesdrops upon or records the
        confidential communication, whether the communication is carried on
25      among the parties in the presence of one another or by means of a
        telegraph, telephone, or other device, except a radio, shall be punished
26      by a fine not exceeding two thousand five hundred dollars ($2,500), or
        imprisonment in the county jail not exceeding one year, or in the state
27      prison, or by both that fine and imprisonment.

28  Cal. Penal Code § 632.

section 632.7[5] applies to cellular or cordless telephone communications.  See Hataishi v First American Home Buyers Protection Corp., 223 Cal. App. 4th 1454, 1469 (2014).  It is not disputed that section 632.7 applies to the facts of this case since Plaintiffs allege that Defendants called their cellular telephone, and Plaintiffs mistakenly listed section 632 instead of section 632.7 in the FAC.  In liberally construing a pleading drafted by pro per plaintiffs, the Court GRANTS Defendants' motion to dismiss with leave to amend to assert the proper statutory provision involving cellular telephone communications.[6]

**B.     Article III Standing**

**1.     TCPA**

Defendants argue that Plaintiffs lack Article III standing to assert a TCPA claim because they have failed to allege an injury in fact.  Plaintiffs oppose arguing that they have suffered concrete harm that is particularized.

"[T]he 'irreducible constitutional minimum of [Article III] standing'" requires that "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)

---

[5]California Penal Code section 632.7 provides,

> (a) Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

Cal. Penal Code § 632.7.

[6]Defendants do not provide any legal authority that the Court should deny a pro per plaintiff leave to amend if defense counsel alerted the plaintiff to the deficiencies in the complaint and the plaintiff failed to correct the deficiencies.

(citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).  The plaintiff bears the burden of demonstrating these elements.  Id.  At the pleading stage, the plaintiff "must 'clearly . . . allege facts demonstrating' each element."  Id.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  Id. at 1548 (quoting Lujan, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization.  Id.  An injury is "particularized" if it affects "the plaintiff in a personal and individual way."  Id.  In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract."  Id.  However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. Id. at 1549.

In order to determine whether an intangible harm constitute injury in fact, Spokeo provided two factors to be considered: "history and the judgment of Congress."  Id. at 1549.  Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural."  Matera v. Google, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016).

Spokeo also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact."  Spokeo, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified."  Id.  But, a plaintiff does not automatically satisfy the injury requirement whenever a statute grants a right and purports to authorize a suit to vindicate it.  Id.  "Article III standing requires a concrete injury even in the context of a statutory violation."  Id.

[16cv2415-GPC(BGS)]

In Spokeo, the defendant allegedly violated the Fair Credit Reporting Act ("FCRA"), which requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of" consumer reports. Id. at 1545 (quoting 15 U.S.C. § 1681e(b)). The U.S. Supreme Court expressed no opinion as to whether this procedural FCRA violation constituted a "concrete injury" and remanded the issue to the Ninth Circuit. Id. at 550. However, the U.S. Supreme Court noted that "[i]t is difficult to imagine how the dissemination of an incorrect zip code [in violation of the FCRA], without more, could work any concrete harm." Id. Thus, while "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," a "bare procedural violation, divorced from any concrete harm" is not. Id. at 1549 (citing Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009)).

Defendants move to dismiss solely on whether Plaintiffs have alleged a concrete injury and they do not dispute that Plaintiffs have alleged a particularized injury. As to concrete injury, Plaintiffs claim no injuries in the FAC for TCPA violations.[7] Accordingly, the Court finds that Plaintiffs have not sufficiently alleged an injury in fact to satisfy Article III standing, and GRANTS Defendants' motion to dismiss the TCPA for lack of Article III standing.

**2.   CIPA**

Defendants also allege that Plaintiffs have not alleged a concrete injury sufficient to confer Article III standing resulting from the alleged recordings of calls. Plaintiffs oppose.

CIPA is California's anti-wiretapping and antieavesdropping statute and is

---

[7]In their opposition, Plaintiffs allege numerous "concrete" injures such as depletion of their cell phone batteries, the cost of time and money to recharge, the increased cell phone bills due to the unwanted calls, and the potential lost income from paying clients that could have called while they were charging their phone and while they were on the phone with Defendants, (Dkt. No. 26 at 7; Dkt. No. 30 at 5); however, such asserted injuries are not alleged in the FAC.

designed "to protect the right of privacy." Cal. Penal Code § 630. California Penal Code section 632.7 prohibits the intentional recording of any communication without the consent of all parties where one of the parties is using a cellular or cordless telephone. See Cal. Penal Code § 632.7. "Any person who has been injured" as a result of this invasion of privacy "may bring an action . . . for the greater of the following amounts: (1) Five thousand dollars ($5,000), [or] (2) Three times the amount of actual damages, if any, sustained by the plaintiff." Id. § 637.2. The person may also request injunctive relief. Id.

The FAC alleges that Defendants admit that Main Streat records calls and does not provide advance warning to callers. (Dkt. No. 11, FAC ¶¶ 38, 56, 62, 63.) Defendants have a policy to record confidential telephone communication with California individuals without advising them at the outset of each telephone call that the call is being recorded. (Id. ¶ 55.) Defendants recorded Plaintiffs' telephone calls without Osgood and Ewing's express consent. (Id. ¶ 70.) Plaintiff Osgood answered telephone calls that were recorded without her consent. (Id. ¶ 62.) Both Plaintiffs were not advised that the calls might be recorded. (Id. ¶ 53.) Plaintiffs allege that they had an objectively reasonable expectation of privacy that the calls were not being recorded. (Id. ¶¶ 53, 68.)

District courts as well as this Court have held that allegations of violations of Plaintiffs' statutory rights under CIPA, without more, constitute injury in fact because instead of a bare technical violation of a statute, as was the case under the FCRA considered in Spokeo, a CIPA violation "involves much greater concrete and particularized harm . . . a violation of privacy rights", and therefore, a violation of CIPA is a "violation of a procedural right granted by statute . . . sufficient . . . to constitute injury in fact." Romero v. Securus Techs., Inc., –F. Supp. 3d –, 2016 WL 6157953, at *5 (S.D. Cal. Oct. 24, 2016) (J. Miller); Bona Fide Conglomerate, Inc. v. SourceAmerica, No. 14CV00751-GPC(DHB), 2016 WL 3543699, at *8 (S.D. Cal. June

[16cv2415-GPC(BGS)]

29, 2016) (holding that allegation of CIPA violation is sufficient to confer standing); Matera v. Google, Inc., No. 15cv4062-LHK, 2016 WL 5339806, at *14 (N.D. Cal. Sept. 23, 2016) (denying motion to dismiss holding that alleged violations of Plaintiff's statutory rights under CIPA constitute concrete injury in fact under Spokeo). A violation of CIPA "involves  more tangible rights than a technical violation of the [FCRA] . . . a violation of CIPA implies a violation of privacy rights." Bona Fide Conglomerate, Inc., 2016 WL 3543699, at *8.

Defendants citation to NEI Contracting & Eng'gr, Inc. v. Hanson Aggregates Pacific Southwest, Inc., No. 12cv1685-BAS(JLB), 2016 WL 4886933 (S.D. Cal. Sept. 15, 2016) in support of their argument is inapposite. NEI involved a bench trial where evidence was presented that plaintiff admitted he would have consented to the recording if asked, did not object to the existence of the recorded call and was injured because the recording was not provided to him sooner in the dispute. Id. at *5. The plaintiff was not claiming an invasion of privacy injury but alleged injury because he did not keep records of the transactions at issue. Id. Therefore, the district court found that the plaintiff lacked standing to pursue its claims under CIPA based on those facts. Id.

Here, Plaintiffs allege an invasion of privacy injury which is sufficient to confer Article III standing under Spokeo. See Romero, 2016 WL 6157953, at *5; Matera, 2016 WL 5339806, at *14.

**C.    RICO**

Defendants move to dismiss the RICO claim under Rule 12(b)(6) because Plaintiffs have no statutory standing to assert a violation under RICO because they have failed to allege an injury and causation. Plaintiffs oppose.

The FAC alleges that Defendants have engaged in wire fraud and money laundering in violation of 18 U.S.C. § 1962(c) and conspiracy to violate RICO under

18 U.S.C. § 1962(d).[8]  (Dkt. No. 11, FAC ¶ 86.)  According to the FAC, the enterprise includes Defendants McAllister and Main Streat.  (Id. ¶ 87.)  The conspiracy lasted from May 2014 to the present although the conspiracy began in 2009 when McAllister created the enterprise.  (Id.)  The two predicate acts alleged are wire fraud for illegal recordings of Ewing and Osgood's telephone conversations and money laundering of over $10,000 of the proceeds of the wire fraud through financial institutions.  (Id.)  Plaintiffs further summarily allege additional predicate acts of "extortion, . . . and illegal robo-dialing with an ATDS in 2016."  (Id.)

Under § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)  18 U.S.C. § 1964(c) provides a civil remedy for "[a]ny person injured in his business or property by reason of a violation of section 1962."  18 U.S.C. § 1964(c).  "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."  Sedima, 473 U.S. at 496.  To recover under RICO, a plaintiff "must show proof of concrete financial loss" and demonstrate that the "racketeering activity proximately caused the loss."  Guerrero v. Gates, 442 F.3d 697, 707 (9th Cir. 2006) (quoting Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1087 (9th Cir. 2002)).

As to injury, the FAC asserts that Plaintiffs "have been injured in their business and property" that "financial harm to each Plaintiffs' property has been substantial" that Plaintiffs' businesses have "suffered a significant economic downturn," and that "Plaintiffs have lost money and revenues that could have been earned but for [McAllister's] racketeering activity." (Dkt. No. 11, FAC ¶¶ 90, 91, 92.)  The FAC also alleges that Defendants "attempted" to get Plaintiffs to send money.  (Id. ¶ 49.)  The

---

[8]In his opposition, Plaintiff Ewing argues that Plaintiffs are not asserting a claim for racketeering but are alleging a conspiracy to commit racketeering by Defendants. (Dkt. No. 26 at 13.) Since the FAC allege both a violation of RICO and conspiracy to violate RICO, the Court addresses both claims.

FAC further contends that Defendants laundered over $10,000 through financial institutions. (Id. ¶¶ 87, 99.)  It is not clear whether the $10,000 was obtained fraudulently by Defendants from Plaintiffs.

The allegations of injury to "business or property" in the FAC are conclusory and mere recitation of the elements of a RICO injury and fail to provide sufficient facts to support an alleged injury caused by the alleged illegal conduct.  See Twombly, 550 U.S. at 555  ("[A] formulaic recitation of the elements of a cause of action will not do.").  There are also conflicting facts as to whether Plaintiffs were swindled out of any money by Defendants.  Moreover, because Plaintiffs fail to sufficiently allege an injury, the allegations in the FAC are insufficient to support the  claim that the "racketeering activity proximately caused the loss."  See Guerrero, 442 F.3d at 707.  Accordingly, the Court GRANTS Defendants' motion to dismiss the RICO claim for lack of standing.

Next, Defendants argue that Plaintiffs have not alleged a pattern of racketeering activities of wire fraud, money laundering and extortion as they are conclusory.  Defendants also contend that the wire fraud allegation fails to comply with the heightened pleading requirement under Rule 9(b).  Lastly, Defendants assert RICO based on a TCPA violation cannot state a claim for relief.

"'Racketeering activity' is any act indictable under the several provisions of Title 18 of the United States Code. See 18 U.S.C. § 1961(1)."  Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).  A "pattern of racketeering activity" requires at least two predicate acts within ten years of one another.  Id.  Wire fraud, money laundering, and extortion are predicate acts under RICO.  See 18 U.S.C. § 1961(1).

"[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud."  Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986)).  In addition, Plaintiffs

must comply with the heightened pleading requirement under Rule 9(b) to allege wire fraud.  Id.; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting the fraud).  Under Rule 9(b), while the state of mind may be alleged generally, the circumstances constituting fraud must be stated with particularity and a party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Odom, 486 F.3d at 553  (internal quotation marks omitted).  In Odom, the Ninth Circuit explained that while the specific intent to deceive or defraud requires only general allegations, the factual circumstances of the fraud itself must be particularized.  Id. at 554.

Plaintiffs assert that Defendants, using the telephone infrastructure in the United States and crossing state lines to commit their interstate criminal activity continuously during 2015 and 2016, illegally bought and sold names of persons on the National Do-Not-Call list and called such persons without permission and without consent to record these calls. (Dkt. No. 11, FAC ¶¶ 42, 47.)  Defendants used the "wires of the United States to illegally record Plaintiff Ewing and Plaintiff Osgood's telephonic conversations" and " to solicit confidential information over the wires of the United States." (Id. ¶ 87.)  In addition, Plaintiffs allege that McAllister personally texted them and recorded telephone calls in violation of California law and his call was a scheme to obtain money and property from Plaintiffs.  (Id. ¶ 49.)  McAllister attempted to get Plaintiffs to send him money.  (Id.) Plaintiffs also allege the wire fraud involved the criminal acts of recording calls of using ATDS robo dialing to Plaintiffs' cell phones. (Id.)  Specifically, McAllister or his agent called on August 11, 2016 at 11:37 a.m. as well as other multiple times.[9]  (Id.)

The FAC merely provides conclusory allegations of wire fraud.  As to Ewing,

_____

[9]This call was made to Plaintiff Osgood. (Dkt. No. 11, FAC ¶ 23.)

1  the allegations fail to provide the specificity required under Rule 9(b) as to the time,

2  place and specific representations made to Ewing.  As to Osgood, while she alleges one

3  call was made to her on August 11, 2016 at 11:37 a.m., she fails to provide specific

4  facts concerning the call and specifics as to the "multiple" other calls made to her.

5  Accordingly, Plaintiffs fail to comply with Rule 12(b)(6) and Rule 9(b).[10]

6      For money laundering under 18 U.S.C. § 1956(a)(1), Plaintiffs must allege that

7  Defendants "(1) engaged in a financial transaction which involved proceeds from

8  specified illegal activity, (2) knew the proceeds were from illegal activity, and (3)

9  intended the transaction either to promote the illegal activity or to conceal the nature,

10  source, or ownership of the illegal proceeds." United States v. Marbella, 73 F.3d 1508,

11  1514 (9th Cir. 1996).

12      Plaintiffs only allege that Defendants laundered over $10,000 of the proceeds

13  by wire fraud through financial institutions, (Dkt. No. 11, FAC ¶ 87), and do not allege

14  any facts to support the elements of a predicate claim for money laundering under

15  RICO.

16      As to extortion, Plaintiffs must assert "obtaining of property from another, with

17  his consent, induced by wrongful use of actual or threatened force, violence, or fear,

18  or under color of official right."  18 U.S.C. § 1951(b)(2).  No facts in the FAC are

19  asserted to support a claim for extortion.

20      Finally, Defendants argue that a violation of 47 U.S.C. § 227 is not a predicate

21  act under RICO.  Plaintiffs do not dispute this argument.  Since a violation of the

22  TCPA is not listed as a predicate act under 18 U.S.C. § 1961(1), a RICO claim based

23  on TCPA violations cannot stand.

24      In sum, the Court GRANTS Defendants' motion to dismiss the RICO cause of

25

26      [10]While the FAC is devoid of specific facts concerning calls made to Ewing, the Court notes his opposition provides some additional facts as to the date and time of

27  several calls made to him by Defendant Main Streat. (Dkt. No. 26 at 20-24.) However, since the FAC fails to allege specific facts as to wire fraud, it must dismissed for failing

28  to state a claim.

[16cv2415-GPC(BGS)]

1   action for lack of standing and failing to state a claim.  Because Plaintiffs have failed

2   to allege a violation of RICO under 18 U.S.C. § 1962(c), they have also failed to allege

3   a violation of RICO conspiracy under § 1962(d).  See Odom, 486 F.3d at 547 ("the

4   survival of plaintiffs' claim under § 1962(c) will ensure the survival of their claim

5   under § 1962(d).").  Accordingly, the Court also GRANTS Defendants' motion to

6   dismiss the RICO conspiracy claim.

### MOTION TO STRIKE PURSUANT TO RULE 12(f)

### Discussion

9   Defendants also filed a motion to strike seeking dismissal of the FAC as

10  untimely under Rule 15(a); seeking to strike certain immaterial and scandalous

11  materials in the FAC and Exhibits A-E attached to the FAC; and seeking sanctions in

12  the form of attorney's fees and costs.  (Dkt. No. 16.)  Plaintiffs filed an opposition.

13  (Dkt. No. 28.)

14  **A.      Legal Standard on Motion to Strike Pursuant to Rule 12(f).**

15  Rule 12(f) provides that the court "may strike from a pleading an insufficient

16  defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

17  P. 12(f).  "[M]otions to strike should not be granted unless it is clear that the matter to

18  be stricken could have no possible bearing on the subject matter of the litigation."

19  Colaprico v. Sun Microsys., Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  "Courts

20  will not grant motions to strike unless 'convinced that there are no questions of fact,

21  that any questions of law are clear and not in dispute, and that under no set of

22  circumstances could the claim or defense succeed.'" Novick v. UNUM Life Ins. Co.

23  of America, 570 F.Supp.2d 1207, 1208 (C.D. Cal. 2008) (quoting RDF Media Ltd. v.

24  Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).  "When ruling on a

25  motion to strike, this Court 'must view the pleading under attack in the light most

26  favorable to the pleader." Id. (citing RDF Media Ltd., 372 F. Supp. 2d at 561).

27  "Motions to strike apply only to pleadings, and courts are unwilling to construe

28

the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto." <u>Foley v. Pont</u>, No. 11cv1769-ECR-VCF, 2013 WL 782856, at *4 (D. Nev. Mar. 1, 2013); <u>Caldwell v. Smith</u>, No. 94-3066-CO, 1995 WL 555080, at *1 (D. Or. Sept. 1, 1995) (denying motion to strike since motion to dismiss is not a pleading). "Pleadings" include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(1)-(7).  However, Rule 10 provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Typically, the types of instruments that fall within the scope of Rule 10(c) "'consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based.'" <u>DeMarco v. DepoTech Corp.</u>, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (quoting <u>Rose v. Bartle</u>, 871 F.2d 331, 339 n.3 (3d Cir. 1989)).  Evidentiary materials do not usually qualify as "written instruments" under Rule 10(c) and courts have granted motions to strike when the exhibits do not qualify as "written instruments." <u>Montgomery v. Buege</u>, No. CIV 08-385 WBS KJM, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009) (citing cases); <u>see</u> <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003) (citing <u>DeMarco,</u> 149 F. Supp. 2d at 1219-21) ("Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint.").

## Analysis

### A.    Motion to Strike the FAC

First, Defendants move to strike the FAC as untimely under Rule 15(a). Plaintiffs oppose arguing that the Federal Rules of Civil Procedure does not begin to apply until after the notice of removal is filed; therefore, it appears Plaintiffs are asserting that since they filed the first amended complaint in federal court within 21

1  days of removal, their FAC is timely.

2      Rule 15(a) allows a plaintiff to amend a pleading as a matter of course within

3  "21 days after serving it." Fed. R. Civ. P. 15(a). Rule 15(b) also provides that leave

4  to amend should freely be granted when justice so requires. Fed. R. Civ. P. 15(b). A

5  district court "takes the case as it finds it on removal and treats everything that occurred

6  in the state court as if it had taken place in federal court." Butner v. Neustadter, 324

7  F.2d 783, 785 (9th Cir. 1963).

8      Plaintiffs' argument that they had 21 days from the date of removal to file an

9  amended complaint as a matter of right is without merit. See id. On August 16, 2016,

10 Plaintiffs served the complaint and summons on Defendants. Defendants timely

11 removed the case on September 26, 2016. On October 4, 2016, Plaintiffs filed the

12 FAC. Since the complaint was served on August 16, 2016, service was deemed

13 complete on August 26, 2016, ten days later. See Cal. Civ. Proc. Code § 415.40.

14 Twenty-one days after August 26, 2016 was September 16, 2016. Therefore, the FAC

15 filed on October 4, 2016 is untimely.

16     While Defendants are correct that the FAC was not timely filed under Rule

17 15(a), the Court will accept the FAC as filed for purposes of efficiency because leave

18 to amend must be freely granted. See Lasher v. City of Santa Clara, No. 10cv4173-

19 LHK, 2011 WL 1560662, at *2 (Apr. 25, 2011) (allowing the untimely filing of the

20 amended complaint in light of Rule 15(b)'s guidance to grant leave freely when justice

21 so requires); Shirley v. Wachovia Mortg. FSB, No. 10-3870 SC, 2010 WL 4977743,

22 at *2 (N. D. Cal. Dec. 2, 2010) (accepting untimely amended complaint for practical

23 reasons). Thus, the Court DENIES Defendants' motion to strike the FAC.

24 **B.     Motion to Strike Allegations and Exhibits in the FAC**

25     Next, Defendants seek to strike paragraphs 2, 3, 38, 44, 113, Prayer for Relief

26 ¶ E seeking attorney's fees and costs of the FAC, and Exhibits A-E attached to the first

27 amended complaint as immaterial and scandalous. Plaintiffs filed an opposition.

28

As an initial matter, Defendants seek to strike Exhibits A-E attached to the FAC. Exhibit A contains an email from Jerrod McAllister to Plaintiff Ewing dated May 4, 2016 concerning foul language directed at Plaintiff Ewing concerning the lawsuit. (Dkt. No. 11-2, FAC, Ex. A.)  Exhibit B contains an internet search result for a Jerrod Robker concerning his background.  (Dkt. No. 11-2, FAC, Ex. B.)  Exhibit C contains a State Bar of California Attorney Complaint Form against defense counsel and an email correspondence concerning a meet and confer between Plaintiff Ewing and defense counsel.   (Dkt. No. 11-2, FAC, Ex. C[11].)  Exhibit D contains an article concerning an arrest of Jerrod Grant Robker during a bowling alley brawl.  (Dkt. No. 11-2, FAC, Ex. D[12].)  Lastly, though not addressed specifically by Defendants and this Exhibit has not been identified by either party, Exhibit E is an email from Plaintiff Ewing to a person named Anthony.  (Dkt. No. 11-2, FAC, Ex. E.)

The Court concludes that the documents attached to the FAC do not qualify as "written instruments" under Rule 10(c) and primarily contain evidentiary materials. See Montgomery v. Buege, No. CIV 08-385 WBS KJM, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009) (granting motion to strike multiple exhibits from complaint because they were "in the nature of evidence submitted to bolster allegations contained in the complaint"); Galvan v. Yates, No. CVF 05-986 AWI LJO, 2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006) (striking from a complaint witness declarations designed to substantiate allegations that the plaintiff satisfied the presentment requirements of the California Tort Claims Act).  Because Exhibit A-E are not "written instruments" as defined under Rule 10(c), the Court GRANTS Defendants' motion to strike Exhibits A-E of the FAC.

Next, Defendants generally argue the Court should strike paragraphs 2 and 113

---

[11]While Defendants refers to Exhibit D in their brief, (Dkt. No. 15-1 at 4); in fact, it appears that they are referring to Exhibit C of the FAC.

[12]Similarly, while their brief states Exhibit C; it appears Defendants meant to cite to Exhibit D.  (Dkt. No. 15-1 at 5.)

as immaterial and scandalous communications between the parties before and after the lawsuit was filed.    Plaintiffs argue that Defendants improperly seek to strike McAllister's own email containing foul language that are relevant to the RICO claim as they provide examples of McAllister's bullying, threatening and intimidating others.

Paragraph 2 of the FAC states,

> Defendant Jerrod McAllister sent several false and fraudulent emails to Plaintiff Ewing that stated, in part, the following:
> "I'm not afraid to go to court with you. My attorneys will chew you up and shit you out like the piece of shit you are . . ."
> "you deserve to be beaten"
> "Fuck yourself"
> "You're seriously pathetic"
> "Goodbye, loser."
> "you're a tool and an ambulance chaser"
> "dickheads like you . . . "

(Dkt. No. 11, FAC ¶ 2.)  Paragraph 113 recites certain portions of an email in Exhibit A stating,

> On May 4, 2016 Jerrod McAllister aka Jerrod Robert wrote as email from jerrod@mainstreatmarketing.com to Plaintiff Ewing that stated 'chew [me] up and shit down [my] throat like the peace of shit [ I am]' followed by '[I] deserve to be beaten' and then ended the email with 'Fuck yourself.'

(Id. ¶ 113.)

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citations and quotations omitted).

Defendants argue that the communications are superfluous but it is not clear how they are superfluous.  Based on the pleading, the Court is not entirely convinced the communications by McAllister are immaterial; therefore, at this time, the Court DENIES Defendants' motion to strike paragraphs 2 and 113.

Next, Defendants contend that the contents of a meet and confer discussion

[16cv2415-GPC(BGS)]

between Plaintiff and Defendant's counsel contained in paragraph 3 should be struck.

Plaintiffs argue that the credibility of the attorney is relevant at trial.

Paragraph 3 of the FAC states,

On September 20, 2016, Defendant's attorney, Yosef Mahmood called Plaintiff Ewing and threatened Ewing with sanctions and attorney fees under CCP § 128.7 because Mahmood stated that a cellular phone is a radio and thus not protected from illegal recording under California's Penal Code.

(Dkt. No. 11, FAC ¶ 3.)

Plaintiffs provide no authority that the credibility of an attorney is relevant to the issues in a case. Moreover, contents of a meet and confer concerning the case between Plaintiff Ewing and defense counsel do not allege facts to support the causes of action against Defendants in this case. Accordingly, the Court GRANTS Defendants' motion to strike paragraph 3 of the FAC.

Finally, Defendants seek to strike paragraphs 38 and 44, alleging that McAllister is a registered sex offender, as false and scandalous. Plaintiffs note that McAllister did not provide a declaration stating that he is not a registered sex offender or a felon and such conduct is critical to his credibility.

A pleading is scandalous if it "improperly casts a derogatory light on someone, most typically on a party to the action." <u>Cortina v. Goya Foods, Inc.</u>, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). If an offensive or scandalous allegation is relevant, it may not be subject to a motion to strike. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382. "Nonetheless, the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." <u>Id.</u>

While not specified, it appears Defendants seek to strike one sentence from Paragraph 38 which states, "Upon information and belief formed after reasonable and diligent research, Robker is a felon and convicted child molester according to public

[16cv2415-GPC(BGS)]

records." (Dkt. No. 11, FAC ¶ 38.) Next, paragraph 44 provides a screen shot of criminal charges for a Jerrod Grant Robker in the state of Utah for lewdness involving a child in 1998 and attempted assault by prisoner and interference with arresting officer in 2010. (Id. ¶ 44.)

The Court concludes that the allegation that McAllister is a convicted child molester is scandalous and casts a derogatory light on him. Moreover, the assertion has no relevance to the causes of action in this case. Thus, the Court GRANTS Defendants' motion to strike paragraphs 38 and 44 of the FAC.

Furthermore, Defendants seek to strike reasonable attorney's fees and costs sought in the prayer for relief since Plaintiffs are proceeding pro se. Plaintiffs do not dispute they are not entitled to attorney fees but they claim they intend to hire a trial attorney to conduct the trial.

It is well settled that a pro se litigant who is not a lawyer is not entitled to attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435 (1991) (holding that even pro se litigant who is an attorney is not entitled to attorney fees); see also Gonzalez v. Kangas, 814 F.2d 1411 (9th Cir. 1987) (non attorney prisoner could not obtain attorney's fees).

The parties do not dispute that Plaintiffs, proceeding pro se, are not entitled to attorney's fees and costs. To the extent Plaintiffs seek to retain an attorney during prosecution of this case, and in order to preserve those rights, the Court DENIES Defendants' motion to strike Plaintiffs' request for attorney's fees and costs.

**C.     Request for Sanctions in the Form of Attorney's Fees**

In their motion to strike, Defendants seek sanctions in the amount of attorney's fees incurred in connection with the filing of the motion to strike against Plaintiffs because the allegations presented have no relevancy to their claims and are presented in order to harass and demean Defendants and their counsel.

The Court may award attorney's fees against a party that has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501

U.S. 32, 45-46 (1991) (citations and quotations omitted).  Under this standard, the court has inherent powers to impose sanctions in the form of attorney's fees when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."  Id. at 46 (citation omitted).  Before imposing such sanctions, the court must make an express finding that the sanctioned party's behavior "constituted or was tantamount to bad faith."  Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997).

First, the Court notes that at this early stage of the proceedings, it cannot make an express finding that Plaintiffs' conduct amounts to bad faith.  Specifically, Defendants argue that the allegation that McAllister is a registered sex offender in the FAC is improperly meant to demean and harm McAllister.  However, as discussed above, the Court denied Defendants' motion to strike this allegation as a factual dispute that cannot be resolved at the early stage of the case without discovery.

Next, Defendants contend that Plaintiffs' submission as an exhibit to the FAC of a California Bar Complaint against defense counsel accusing him of "the crime of deceit" based on their litigation position is meritless and was alleged without investigation of the law.  The Court is not in a position to determine whether Plaintiffs' allegation in the State Bar Complaint has merit or not.  Moreover, Defendants have not provided evidence that Plaintiffs acted in bad faith.  As pro per plaintiffs, they are entitled to liberal construction of their pleadings.  Lastly, regardless of whether the California Bar Complaint contains meritless claims, the Court granted Defendants' motion to strike Exhibit C, which contains the State Bar Complaint against defense counsel, as not material.  Thurs, the Court DENIES Plaintiffs' motion for sanction under its inherent powers.

In addition, Defendants also cite to Rule 11 as another basis to impose sanctions against Plaintiffs.  "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion

is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994). The purpose of Rule 11 is to "deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). In order to seek sanctions under Rule 11, the party must comply with Rule 11's safe harbor provision which requires service of the motion 21 days prior to filing. See Fed. R. Civ. P. 11(c)(2). This allows a party to retract the allegedly offending allegations before the motion is filed with the Court. Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001). The procedural requirement of the safe harbor period is mandatory, and an "absolute prerequisite" to a motion for sanctions brought by any party. Truesdell v. S. Cal. Permanente Med. Grp., 209 F.R.D. 169, 174 (C.D. Cal. 2002); Radcliffe, 254 F.3d at 789 (informal warnings not sufficient to satisfy safe harbor requirement). Here, Defendants have not shown they complied with the safe harbor requirement, and thus, are barred from seeking sanctions under Rule 11.[13]

Accordingly, the Court DENIES Defendants' motion for sanctions at this time.

**D.    Leave to Amend**

In their opposition, Plaintiffs seek leave to amend if the Court dismisses any of their claims. Leave to amend, whether or not requested by the plaintiff, should be granted unless amendment would be futile. Schreiber Distrib. Co., 806 F.2d at 1401. Here, an amendment would not be futile and the Court GRANTS Plaintiffs' request for leave to file a second amended complaint.

**Conclusion**

Based on the above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss and GRANTS in part and DENIES in part Defendants' motion to strike. The Court also DENIES Defendants' motion for sanctions. Plaintiffs shall file a second amended complaint within thirty (30) days of this Order curing the

---

[13]Rule 11 also requires that the motion for sanction be filed separately from any other motion which Defendants have not done. Fed. R. Civ. P. (c)(2).

1    deficiencies noted by the Court.

2            IT IS SO ORDERED.

3

4    DATED:  January 13, 2017

5

6                                    HON. GONZALO P. CURIEL
                                    United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28