1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9

10 CLAUDINE OSGOOD, an individual, and ANTON EWING, an individual,

11

12                                    Plaintiff,

        v.

13

14 MAIN STREAT MARKETING, LLC, a Utah limited liability company; JERROD ROBKER, an individual aka Jerrod McAllister; Does 1-100, ABC Corporations 1-100, XYZ, LLC's 1-100,,

15

16

17                                    Defendants.

CASE NO. 16cv2415-GPC(BGS)

**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL**

[Dkt. No. 44.]

18

19  Before the Court is defense counsel's motion to withdraw as counsel for

20 Defendants Main Streat Marketing, LLC and Jerrod McAllister aka Jerrod Robker

21 ("Defendants"). (Dkt. No. 44.)  No opposition has been filed.  Based on the reasoning

22 below, the Court GRANTS defense counsel's motion to withdraw as counsel for

23 Defendants.

24  "An attorney may not withdraw as counsel except by leave of court."  Darby v.

25 City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  The trial court has

26 discretion whether to grant or deny an attorney's motion to withdraw in a civil case.

27 See La Grand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Stewart v. Boeing Co.,

28 No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

1  Courts should consider the following factors when ruling upon a motion to withdraw

2  as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may

3  cause to other litigants; (3) the harm withdrawal might cause to the administration of

4  justice; and (4) the degree to which withdrawal will delay the resolution of the case.

5  Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D.

6  Wash. Feb. 12, 2014); Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010

7  WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).  Local Civil Rule 83.3(f)(3) also

8  provides:

9      Withdrawals. (a) A notice of motion to withdraw as attorney of record
    must be served on the adverse party and on the moving attorney's

10      client. (b) A declaration pertaining to such service must be filed.
    Failure to make service as required by this section or to file the

11      required declaration of service will result in a denial of the motion.

12

13  Local Civil R. 83.3(f)(3).  Here, defense counsel has filed a certificate of service which

14  indicates that the motion was served on her clients, Defendants, and Plaintiffs.  (Dkt.

15  No. 44-3.) Rule 3-700 of the California Rules of Professional Conduct of the State Bar

16  of California provides that an attorney may request a withdrawal if it is unreasonably

17  difficult for counsel to carry out his employment effectively or breaches an agreement

18  as to expenses or fees.  Cal. R. Prof. Conduct 3-700(C).

19      According to the motion to withdraw, defense counsel states that according an

20  engagement agreement between Defendants and defense counsel, Defendants agreed

21  to pay expenses and fees incurred in defending this action; however, they have not paid

22  any of the invoices since the inception of the case. (Dkt. No. 45, Tagvoryan Decl. ¶¶

23  2-4.)  In October and November 2016, counsel warned Defendants that their failure to

24  pay outstanding invoices and lack of communication could result in a withdrawal as

25  counsel.  (Id. ¶ 5.)  In addition since mid-November 2016, Defendants have become

26  increasingly non-communicative and non-responsive to counsel's telephone calls and

27  emails and have now completely stopped responding.  (Id. ¶ 6.)

28      The Court concludes that defense counsel has demonstrated sufficient reasons
to be relieved as counsel.  The Court also concludes that the withdrawal will not

1  prejudice the plaintiff, harm the administration of justice or delay resolution of the

2  case.  The case is still in its early stages of litigation.

3       Based on the above, the Court GRANTS defense counsel's motion to withdraw

4  as counsel for Defendants.  While Defendant Jerrod McAllister, an individual, may

5  proceed *pro se,* Defendant Main Streat Marketing, LLC, a partnership, may not proceed

6  without counsel.  See Rowland v. California Men's Colony, Unit II Men's Advisory

7  Council, 506 U.S. 194, 202 (1993) ("lower courts have uniformly held that 28 U.S.C.

8  § 1654, providing that 'parties may plead and conduct their own cases personally or by

9  counsel,' does not allow corporations, partnerships, or associations to appear in federal

10  court otherwise than through a licensed attorney."); see also Eagle Assocs. v. Bank of

11  Montreal, 926 F.2d 1305, 1309-10 (2d Cir.1991) (partnership not allowed to be

12  represented by non-attorney partner); Civil Local Rule 83.3k ("all other parties,

13  including corporations; partnerships and other legal entities may appear in court only

14  through an attorney permitted to practice pursuant to Civil Local Rule 83.3.").

15       Therefore, the Court will allow Main Streat Marketing, LLC 30 days to obtain

16  substitute counsel and have counsel file a notice of appearance.[1]  Main Streat

17  Marketing, LLC is notified that if it fails to obtain new counsel and have counsel file

18  a notice of appearance, it may be subject to default proceedings.  See United States v.

19  High Country Broadcasting Co. Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).  Mr.

20  McAllister must notify the Court of his currently mailing address within 30 days from

21  the date of this order.

22  / / / /

23  / / / /

24  / / / /

25  / / / /

26

27       [1]It appears that Plaintiffs, proceeding pro se, and Defendants, without their
counsel, may have negotiated a settlement amongst themselves. (See Dkt. Nos. 42, 47.)
28  The Court notes that any dismissal of Defendant Main Streat Marketing, LLC must be
executed by an attorney of record.  See Rowland, 506 U.S. at 202.

1       The hearing set for April 7, 2017 shall be **vacated.**

2       IT IS SO ORDERED.

3  DATED:  March 27, 2017

4

5                             HON. GONZALO P. CURIEL
                               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[16cv2415-GPC(BGS)]