1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

11   CLAUDINE OSGOOD, an individual,        Case No.: 16cv2415-GPC(BGS)
     and ANTON EWING, an individual,
12                                          **ORDER DENYING PLAINTIFF**
                              Plaintiff,    **EWING'S MOTION FOR LEAVE TO**
13                                          **FILE AN AMENDED COMPLAINT**
     v.                                     **AND DENYING PLAINTIFF**
14                                          **EWING'S MOTION FOR**
     MAIN STREAT MARKETING, LLC, a          **SUMMARY JUDGMENT**
15   Utah limited liability company; JERROD
     ROBKER, an individual aka Jerrod       [Dkt. Nos. 53, 55.]
16   McAllister; Does 1-100, ABC
     Corporations 1-100, XYZ, LLC's 1-100,
17
                             Defendant.
18

19

20

21          Before the Court is Plaintiff Anton Ewing's motion for leave to amend the

22   complaint to add newly discovered Defendant, Local Verifications, LLC d/b Local

23   Engine Verification.  (Dkt. No. 55.)  Plaintiff Ewing also filed a motion for summary

24   judgment on all causes of action in the second amended complaint.  (Dkt. No. 53.)  No

25   opposition has been filed.  Based on the reasoning below, the Court DENIES Plaintiff's

26   motion for leave to file a second amended complaint and DENIES Plaintiff's motion for

27   summary judgment.

28   //

**Background**

On September 26, 2016, the case was removed from state court.  (Dkt. No. 1.)  On

October 4, 2016, Plaintiffs Anton Ewing and Claudine Osgood, proceeding *pro se*, filed a

first amended complaint alleging three causes of action for  violations under the

California Invasion of Privacy Act ("CIPA") pursuant to California Penal Code section

630 *et. seq*.; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), pursuant

to 18 U.S.C. §§ 1962(c), and (d)); and the Telephone Consumer Protection Act ("TCPA")

pursuant to 47 U.S.C. § 227.  (Dkt. No. 11, FAC).  After the Court denied Plaintiff's

motion to remand and granting in part and denying in part Defendants' motion to dismiss

and motion to strike, Plaintiff filed a second amended complaint on January 17, 2017.

(Dkt. No. 36.)  An answer was filed on January 31, 2017.  (Dkt. No. 37.)  On March 27,

2017, the Court granted defense counsel's motion to withdraw as counsel. (Dkt. No. 51.)

In its order, the Court directed Main Street Marketing, LLC to obtain substitute counsel

within thirty days and have counsel file a notice of appearance.  (Id.)  The Court also

directed Defendant McAllister to notify the Court of his current mailing address.  (Id.)

Both Defendants have failed to comply.  On April 21, 2017, Plaintiff Ewing filed a

motion for summary judgment along with a motion for leave to file an amended

complaint.  (Dkt. Nos. 53, 55.)  Defendants have not filed an opposition

**A.     Motion for Leave to File an Amended Complaint**

Plaintiff Ewing seeks leave to file a third amended complaint after learning the

name of the fictitious entity named in the second amended complaint to be Local

Verifications, LLC dba Local Engine Verification.  Plaintiff Osgood has not joined in the

motion.

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint

after a responsive pleading may be allowed by leave of the court and such leave "shall be

freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend

rests in the sound discretion of the trial court.  Internat'l Ass'n of Machinists &

Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  This

discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [four] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

In this case, Plaintiff Ewing has failed attach a copy of the proposed amended pleading and a redlined version of the proposed amended pleading as required by Civil Local Rule 15.1(b). Moreover, while Plaintiff Ewing seeks to add a defendant to the case, Plaintiff Osgood has not. It is not clear whether Plaintiff Osgood will be named in a proposed third amended complaint and Plaintiff Ewing has not provided any legal authority that he may move to file an amended complaint without Plaintiff Osgood. Thus, the Court DENIES Plaintiff Ewing's motion for leave to file a third amended complaint.

**B.    Motion for Summary Judgment**

Next, Plaintiff Ewing, but not Plaintiff Osgood,  moves for summary judgment seeking judgment on all causes of action against both Defendants based on "admissions" made by Defendants in a signed settlement agreement with Plaintiffs Osgood and Ewing.

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. Celotex Corp., 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. Id. at 322-23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

When a summary judgment motion is unopposed, a district court must "determine whether summary judgment is appropriate-that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." Leramo v. Premier Anesthesia Med. Grp., 09cv2083 LJO JTL, 2011 WL 2680837, at *8 (E.D. Cal. July 8, 2011), aff'd, 514 Fed. App'x 674 (9th Cir. 2013). A district court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." Id. (quoting United States v. One Piece of Real Property, 363 F.3d 1099, 1101 (11th Cir. 2004)). A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." Id. (quoting One Piece of Real Property, 363 F.3d at 1101). A motion for summary judgment must be supported by admissible evidence. Fed. R. Civ. P. 56(c)(1); Orr v. Bank of America, NT & SA, 285 F.3d 761, 773 (9th Cir. 2002); Beyene v. Coleman Sec. Serv., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.").

Here, Plaintiff has not presented any admissible evidence to support his motion and has failed to carry his burden under Rule 56. He merely presents allegations and

unauthenticated portions of the settlement agreement to prove that Defendants have violated provisions of the TCPA, CIPA and RICO. However, these allegations presented in his brief are not supported with any admissible evidence.

Plaintiff also provides the recital portion of the alleged settlement agreement to show that Defendants are liable for violations alleged in the second amended complaint. However, statements contained in a settlement agreement are generally inadmissible to prove or disprove the validity or amount of a disputed claim. See Fed. R. Evid. 408; see also McCown v. City of Fontana, 565 F.3d 1097, 1104 n.4 (9th Cir. 2009). Therefore, the factual recitals in the settlement agreement are inadmissible as they are not authenticated and cannot be used to demonstrate liability. Accordingly, the Court DENIES Plaintiff Ewing's motion for summary judgment.

## Conclusion

Based on the above, the Court DENIES Plaintiff Ewing's motion for leave to file a third amended complaint and DENIES Plaintiff Ewing's motion for summary judgment. The hearing date set for June 9, 2017 shall be **vacated**.

IT IS SO ORDERED.

Dated: May 31, 2017

Hon. Gonzalo P. Curiel
United States District Judge

16cv2415-GPC(BGS)