UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDINE OSGOOD, an individual ANTON EWING, an individual,<br><br>                          Plaintiff,<br><br>v.<br><br>Main Streat Marketing, LLC, a Utah limited liability company; Jerrod Robker, an individual aka Jerrod McAllister; DOES 1-100; ABC CORPORATIONS 1-100; XYZ, LLC's 1-100,<br><br>                         Defendants. | Case No.:  16CV2415 GPC BGS<br><br>**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>[Dkt. No. 77] |

Before the Court is Plaintiffs Anton Ewing and Claudine Osgood's final renewed motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). (Dkt. No. 77.) No opposition has been filed. Based on the reasoning below, the Court **DENIES** Plaintiffs' final renewed motion for default judgment pursuant to Rule 55(b).

**I.     Background**

On January 17, 2017, Plaintiffs Anton Ewing and Claudine Osgood, proceeding *pro se*, filed the operative second amended complaint ("SAC") asserting two causes of

action for violations of California Invasion of Privacy Act ("CIPA"), Cal. Penal Code sections 632.7 and 637.2(a)-(b) and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants Main Streat Marketing, LLC and Jerrod Robker aka Jerrod McAllister ("McAllister") (collectively "Defendants"). (Dkt. No. 36.) Defendants with counsel, filed an answer on January 31, 2017. (Dkt. No. 37.) On March 27, 2017, the Court granted defense counsel's motion to withdraw as counsel. (Dkt. No. 51.) The Court allowed Main Streat Marketing, LLP 30 days to obtain substitute counsel and noted that if it failed to obtain new counsel, it may be subject to default proceedings. *Id.* at 3. The Court also directed McAllister to notify the Court of his current mailing address within 30 days. *Id.* To date, both Defendants have failed to respond.

After the Court granted Plaintiff Ewing's motion to strike Answer and granted Plaintiffs Ewing and Osgood's motion for entry of default, the Clerk of Court entered default on July 28, 2017. (Dkt. Nos. 67, 69.) On August 9, 2017, Plaintiffs filed a joint motion for default judgment. (Dkt. No. 70.) Defendants did not file an opposition. On September 27, 2017, the Court denied Plaintiffs' motion for default judgment because Plaintiffs failed to conduct an analysis on whether default judgment is appropriate under the factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) and failed to provide proof or evidence to support their proposed damages of $1,000,000. (Dkt. No. 72 at 3[1].) On December 29, 2017, Plaintiffs filed another motion for default judgment. (Dkt. No. 73.) Defendants did not oppose. While the Court found that the Eitel factors were met to warrant default judgment, the Court denied the motion because Plaintiffs "failed to provide any factual or legal support for their requested damages of $1,000,000." (Dkt. No. 76 at 10). The Court granted Plaintiffs leave to file a final renewed motion for default judgment for purposes of demonstrating damages. (*Id.*) On

---

[1] Page numbers are based on the CM/ECF pagination.

2

April 9, 2018, Plaintiffs filed a final renewed motion for default judgment. (Dkt. No. 77.) Again, Defendants did not file an opposition.

## II. Discussion

### A. Motion for Default Judgment

In the Court's prior order filed on March 21, 2018, the Court granted Plaintiffs a final opportunity to demonstrate the amount of damages they seek under the TCPA and CIPA.

Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes, 559 F.2d at 560*. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.* Should default be entered, it is within the province of the court's power to use evidence or facts from the record to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly. *Pope v. United States*, 323 U.S. 1, 12 (1944). In determining damages in a TCPA case, "the numbers from which the calls were made . . . are significant because they establish Plaintiff had some basis for concluding that the calls were from Defendant or an agent of Defendant." *Heidorn v. BBD Mktg. & Mgmt. Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *15 (N.D. Cal. Aug. 19, 2013) (denying statutory damages based on calls alleged in the complaint as Plaintiff did not provide the date or time of the calls or the numbers from which the calls were made).

3

In their renewed motion, Plaintiffs seek damages in the amount of $96,000 for violations of the TCPA and CIPA.  (Dkt. No. 77 at 4.)

The TCPA imposes a statutory penalty of $500 per violation and gives the court discretion to award up to three times that amount for knowing or willful violations.  47 U.S.C. §§ 227(b)(3), (c)(5).  Effective January 1, 2017, CIPA provides a civil penalty of the greater of "$5,000 per violation" or "[t]hree times the actual amount of damages, if any."  Cal. Penal Code § 637.2(a).  Prior to the amendment, CIPA provided a civil penalty of the greater of "$5,000" or "three times the amount of actual damages, if any."  Cal. Penal Code § 637.2(a) (2016) (amended Jan. 1, 2017).[2]

After a review of Plaintiffs' supporting documentation, the Court concludes they have failed to demonstrate that they are entitled to $96,000.  Plaintiff Ewing filed a declaration stating that Defendants called him five times on May 3, 2016, two times on June 10, 2016, and one time on June 12, 2016.  (Dkt. No. 77-2, Ewing Decl. ¶ 3.) Attached to his declaration is his personal cell phone logs with a list of incoming and outgoing calls between April 29, 2016 and May 3, 2016.  (Id., Ewing Decl., Ex. B.)   However, Ewing's declaration fails to list the telephone numbers belonging to Defendants.  As such, even though Plaintiff Ewing alleges that he was called five times on May 3, 2016, the Court cannot verify that it was Defendants who actually made the calls.  Plaintiff Ewing also mentions two calls on June 10, 2016 and another on June 12, 2016, but the phone records provided in Exhibit B do not cover these dates.  Ewing's declaration is not sufficient to establish any calls were made by Defendants to his cellular

---

[2] Plaintiffs appear to calculate damages based on the amended section 637.2 which was effective January 1, 2017 providing "$5,000 per violation" without explaining whether the amended statute can be applied retroactively to telephone calls made by Defendants in 2016.  In light of the Court's ruling granting them leave to file another renewed motion for default judgment, Plaintiffs are directed to address whether the amended Cal. Penal Code section 637.2 applies retroactively to this case.

telephone.  Next, Plaintiff Osgood states she was called on August 11, 12, 16, and 18, 2016 from the phone number 626-472-1821 and 626-498-2252, (Dkt. No. 77-3, Osgood Decl.), but fails to provide any phone records to support her claim that Defendants called her four times.[3]  Thus, the Court is unable to accurately address the question of how many violations of the TCPA Plaintiff has established, much less whether Plaintiff is able to claim additional treble damages.  Therefore, the Court DENIES Plaintiffs' renewed motion for default judgment.[4]

### III. Conclusion

Based on the above, the Court DENIES Plaintiffs' renewed motion for default judgment.  In the prior order, the Court admonished Plaintiffs that if they failed to cure the deficiencies in their motion, it may result in denial of the motion and dismissal of the case for lack of prosecution.  (Dkt. No. 76 at 10.)  However, since Plaintiffs, proceeding pro se, have made an effort to demonstrate damages, the Court grants Plaintiffs leave to file one final renewed motion for default judgment within 20 days of the filed date of this Order.  The hearing date set for June 15, 2018 shall be **vacated.**

IT IS SO ORDERED.

Dated: June 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] The Court notes that it checked whether the numbers Osgood provided for Defendants matched any of the incoming calls from Ewing's limited phone records but those telephone numbers were not listed in Ewing's phone records.

[4] The Court also questions the calculation of damages propounded by Plaintiffs.  See Drew v. Lexington Consumer Advocacy, LLC, Case No. 16cv0200-LB, 2016 WL 1559717, at *11-12 (N.D. Cal. Apr. 18, 2016) (noting three factor test when considering TCPA damages).  However, the Court need not address the specific calculations as Plaintiffs have failed to establish Defendants called them.