UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDINE OSGOOD, an individual ANTON EWING, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>Main Streat Marketing, LLC, a Utah limited liability company; Jerrod Robker, an individual aka Jerrod McAllister; DOES 1-100; ABC CORPORATIONS 1-100; XYZ, LLC's 1-100,<br><br>                                    Defendants. | Case No.:  16CV2415 GPC BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FOURTH MOTION FOR DEFAULT JUDGMENT**<br><br>[Dkt. No. 80.] |

       Before the Court is Plaintiffs Anton Ewing and Claudine Osgood's fourth motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55(b).  (Dkt. No. 80.)  No opposition has been filed.  Based on the reasoning below, the Court GRANTS in part and DENIES in part Plaintiffs' fourth motion for default judgment pursuant to Rule 55(b).

**Background**

On January 17, 2017, Plaintiffs Anton Ewing and Claudine Osgood, proceeding *pro se*, filed the operative second amended complaint ("SAC") asserting two causes of action for violations of California Invasion of Privacy Act ("CIPA"), Cal. Penal Code sections 632.7 and 637.2(a)-(b) and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants Main Street Marketing, LLC and Jerrod Robker aka Jerrod McAllister ("McAllister") (collectively "Defendants"). (Dkt. No. 36.) Defendants with counsel, filed an answer on January 31, 2017. (Dkt. No. 37.) On March 27, 2017, the Court granted defense counsel's motion to withdraw as counsel. (Dkt. No. 51.) The Court allowed Main Streat Marketing, LLP 30 days to obtain substitute counsel and noted that if it failed to obtain new counsel, it may be subject to default proceedings. (*Id.* at 3[1].) The Court also directed McAllister to notify the Court of his current mailing address within 30 days. (*Id.*) To date, both Defendants have failed to respond.

After the Court granted Plaintiff Ewing's motion to strike Answer and granted Plaintiffs Ewing and Osgood's motion for entry of default, default was entered on July 28, 2017. (Dkt. Nos. 67, 69.) On August 9, 2017, Plaintiffs filed a joint motion for default judgment. (Dkt. No. 70.) On September 27, 2017, the Court denied Plaintiffs' motion for default judgment because Plaintiffs failed to conduct an analysis on whether default judgment was appropriate under the factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) and failed to provide proof or evidence to support their proposed damages of $1,000,000. (Dkt. No. 72 at 3.) On December 29, 2017, Plaintiffs filed a second motion for default judgment. (Dkt. No. 73.) While the Court found that the *Eitel* factors were met to warrant default judgment, the Court denied the motion because Plaintiffs "failed to provide any factual or legal support for their

---

[1] Page numbers are based on the CM/ECF pagination.

requested damages of $1,000,000." (Dkt. No. 76 at 10). The Court granted Plaintiffs leave to file a final renewed motion for default judgment for purposes of demonstrating damages. (*Id.*) On April 9, 2018, Plaintiffs filed a third motion for default judgment. (Dkt. No. 77.) On June 6, 2018, the Court denied the motion because Plaintiffs failed to show they were entitled to $96,000 in statutory damages. (Dkt. No. 79 at 4-5.) Despite the Court's admonishment that Plaintiffs would be given one final opportunity to cure the deficiencies in their motion, the Court noted that Plaintiffs, proceeding pro se, had made efforts to demonstrate damages and granted them leave to file another motion for default judgment. (Id. at 5.) On June 26, 2018, Plaintiffs filed their fourth motion for default judgment. (Dkt. No. 80.) Again, no opposition has been filed.

## Discussion

### A    Legal Standard on Damages for Motion for Default Judgment

Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes, 559 F.2d at 560*. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations and Plaintiff may rely on declarations. *Philip Morris USA, Inc.*, 219 F.R.D. at 498. "Plaintiff's burden in 'proving up' damages is relatively lenient." Id. Should default be entered, it is within the province of the court's power to use evidence or facts from the record to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly. *Pope v. United States*, 323 U.S. 1, 12

(1944). In determining damages in a TCPA case, "the numbers from which the calls were made . . . are significant because they establish Plaintiff had some basis for concluding that the calls were from Defendant or an agent of Defendant." *Heidorn v. BBD Mktg. & Mgmt. Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *15 (N.D. Cal. Aug. 19, 2013) (denying statutory damages based on calls alleged in the complaint as Plaintiff did not provide the date or time of the calls or the numbers from which the calls were made).

**B.     Calculation of Damages**

In their motion, Plaintiffs seek damages in the amount of $96,000 for violations of the TCPA and CIPA but later in their motion, they seek damages in the amount of $154,000.  (*See* Dkt. No. 80 at 5, 16.)

**1.     TCPA**

The TCPA imposes a statutory penalty of $500 per violation and gives the court discretion to award up to three times that amount for knowing or willful violations.  47 U.S.C. §§ 227(b)(3), (c)(5).  When considering TCPA damages, the Court must address three issues.  *See Heidorn,* 2013 WL 6571629, at *15-18.

First, the Court must determine the number of TCPA violations that Plaintiffs have established.  <u>Id.</u> at *15.  Here, Ewing submits a declaration specifying eight calls made by Defendants' telephone numbers to his cellular telephone on May 3, 2016, and June 10 and 12, 2016.  (Dkt. No. 80 at 18.)  He also attaches his cellular bill phone logs verifying the five calls made by Defendants on May 3, 2016 but does not include the phone logs for the three calls made on June 10 and 12, 2016.  (*Id.* at 25-26.)  Because Ewing has not provided the phone records to support the calls on June 10 and 12, 2016, the Court

concludes that Ewing has only established five calls in violation of the TCPA on May 3, 2016.[2]

Osgood also submits a declaration detailing six calls made from Defendants' telephone numbers to her cellular telephone from August 25, 2016 to September 12, 2016.[3]  (*Id.* at 19.)  However, the accompanying cellular bill phone logs lists "Shehadi Rezk" as the addressee, not Plaintiff Claudine Osgood.  (*Id.* at 27-31.)  Moreover, the Court notes that the address listed for Shehadi Rezk is in Pomona, CA.  (*Id.*)  In this case, Plaintiff's address on the docket is in San Diego.  No explanation is provided as to the identity of Shehadi Rezk.  The cellular bill phone logs provided for Claudine Osgood's motion is not supportive.  Based on Osgood's failure to identify specific telephone calls from Defendants support her damages under both the TCPA and CIPA, the Court DENIES Plaintiff Osgood's motion for default judgment.

Next, the Court must determine whether the "violations should be counted as separate violations for the purposes of damages." *See Heidorn*, 2013 WL 6571629, at *16.

Plaintiffs argue without any legal support that each call can constitute three separate violations of the TCPA because each call violated the TCPA's prohibition on automated telephone calls under § 227(b), failure to identify the caller, violation of the national do-not-call list and failure to provide an internal do-not-call policy available upon demand.

In assessing the *Eitel* factors in the prior order on default judgment, the Court concluded that Plaintiffs had alleged violations of 47 U.S.C. § 227(b) for Defendants' use

---

[2] The Court notes that the SAC alleges multiple calls were made around May 3, 2016 and at other times but does not allege calls were made on June 10 and 12, 2016.  (Dkt. No. 36, SAC at 45.)

[3] The Court notes that in her prior motion for default judgment, she stated that she received four calls from Defendants on August 11, 12, 16 and 18, 2016.  (Dkt. No. 77-3, Osgood Decl. ¶¶ 1, 2.)

of an "automatic telephone dialing system" and violation of 47 U.S.C. § 227(c) for violating 47 C.F.R. § 64.1200(c)(2) which prohibits calling any number on the national do-not-call registry and violating 47 C.F.R. § 64.1200(d)(1) for not maintaining a written do-not-call policy which must be available on demand.  (Dkt. No. 76 at 6-7.)

To the extent Plaintiff Ewing is seeking multiple damages for violations of 47 C.F.R. § 64.1200(c)(2) and  47 C.F.R. § 64.1200(d)(1), multiple violations of the regulations constitute one violation of the TCPA.  *See Heidorn v. BBD Mktg & Mgmt., LLC*, Case No. 13cv229-YGR, 2013 WL 6571168, at *4 (Oct. 9, 2013) (order adopting Report and Recommendation concluding that under 47 U.S.C. § 227(c) multiple violations of the regulations constitute one violation of the TCPA).  In the Report and Recommendation, Magistrate Judge Spero found that the language indicates that a telephone call that violates more than one provision of the regulations is considered to be a single violation rather than multiple violations. *Heidorn*, 2013 WL 6571629, at *16.  However, violations of two separate provisions of the TCPA, such as 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) arising from the same call constitute separate violations.  *See Drew v. Lexington Cons. Advocacy*, Case No. 16cv200-LB, 2016 WL 9185292, at *10 (N.D. Cal. Aug. 11, 2016); *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 WL 1522244, at *10 (N.D. Cal. Mar. 16, 2015).  Here, Plaintiff Ewing cannot seek multiple damages for multiple violations of the regulations based on one call but he can seek multiple damages for separate violations of the TCPA.  Because Ewing alleges violations of both 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) for each of the five calls, he has alleged 10 violations which equals to $5,000 in statutory damages.

Third, the Court should determine the "appropriate amount of damages to be awarded, including whether the damages should be trebled." *See Heidorn*, 2013 WL 6571629, at *16.  The purpose of imposing treble damages is to deter future violations.

*Drew*, 2016 WL 9185292, at *11 (denying treble damages because the plaintiff had not provided evidence that the defendant had been previously sued for TCPA violations); *Heidorn*, 2013 WL 6571629 at *17 (denying treble damages where plaintiff did not provide evidence that the defendant was previously sued under the TCPA or that the statutory minimum would be trivial to the defendant).

Plaintiff Ewing seeks treble damages contending that Defendants continue to engage in massive telemarketing operations in violation of the TCPA and cites subsequent cases filed against Defendants in the Southern District of California, 16cv2292-MMA-JLB, Northern District of California, 17cv5432-DMR, and Central District of California, 18cv1858-CAS-JC. The Court takes judicial notice of these case filings. Because these cases were filed after the instant complaint, they cannot demonstrate a knowing and willful violation. However, the Court finds that treble damages are warranted in order to deter future violation because these subsequent filed cases demonstrate that Defendants continue to engage in telemarketing activities that allegedly violate the TCPA. *See Roylance,* 2015 WL 1522244, at *10-11 ("Congress chose to employ a low threshold to assess treble damages, by requiring a caller's actions to be 'knowing' or 'willful'"). Therefore, Plaintiff Ewing is entitle d to treble statutory damages of $15,000 under the TCPA.

**2.    CIPA**

Effective January 1, 2017, the civil penalty provision of CIPA now provides,

(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

(*1*) *Five thousand dollars ($5,000) per violation.*

(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

7

Cal. Penal Code § 637.2(a) (emphasis added).  Prior to the 2017 amendment, the civil penalty provision of CIPA provided,

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> *(1) Five thousand dollars ($5,000).*
>
> (2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Penal Code § 637.2(a) (2016) (emphasis added).   In this case, the allegations stem from phone calls made by Defendants in 2016.  Therefore, the pre-2017 amendment of Penal Code section 637.2(a) applies.

In their motion, Plaintiffs argue that the January 2017 amendment to the statutory damages provision of the CIPA of "$5,000 per violation" applies retroactively summarily arguing that the amendment was merely a clarification of existing law and that the district court in *Lal v. Capital One*[4] incorrectly interpreted the section.

On one hand, one district judge, in two separate cases, *Lal v. Capital One Fin. Corp.*, Case No. 16cv6674-BLF, 2017 WL 1345636, at *5-7 (N.D. Cal. Apr. 12, 2017) and *Ramos v. Capital One, N.A.*, 17cv435-BLF, 2017 WL 3232488, at *6-7 (N.D. Cal. July 27, 2017), conducted an analysis of the text of the statute and legislative history to conclude that the January 2017 amendment changed, rather than clarified the statute. Therefore, the amendment of "per violation" did not apply to any pre-2017 violations. On the other hand, a district judge in this district, respectfully disagreed with the ruling in

---

[4] The Court notes that Plaintiffs have not included a citation to the case.

*Lal* and held that the 2017 amendment to section 637.2 was a clarification, and not a change, and denied a motion to dismiss the "$5,000 per violation" allegation for calls made prior to January 1, 2017 in the complaint. *Ronquillo-Griffin v. TELUS Comm'ns, Inc.*, Case No. 17cv129-JM(BLM), 2017 WL 2779329, at *7-8 (S.D. Cal. June 27, 2017).

The Court agrees with the reasoning in *Ronquillo-Griffin* that the January 1, 2017 amendment was a clarification of the statute and did not change the meaning of section 637.2. Therefore the "$5,000 per violation" applies to Plaintiffs' CIPA claims.

In interpreting a state statute, the court must "determine what meaning the state's highest court would give to the law." *Bass v. Cnty. of Butte*, 458 F.3d 978, 981-82 (9th Cir. 2006). "As in any case involving statutory interpretation, [the] fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose." *Id.* The Court "begin[s] by 'examining the statute's words, giving them a plain and commonsense meaning.' However, text is not to be interpreted in isolation. Rather, [the court] must look to 'the entire substance of the statute in order to determine the scope and purpose of the provision.'" *Id.* (quoting *People v. Murphy*, 25 Cal. 4th 136, 142 (2001) (internal ellipsis omitted)).

At the first step, the Court agrees with the *Ronquillo-Griffin* court that the plain meaning of the statute is ambiguous.[5] The court explained, "[l]ooking first to the text of the statute, the court finds that the pre-amendment version of section 637.2 is ambiguous, as it is amenable to at least two different interpretations. On the one hand, the emphasis could be on the 'action'—a person may bring an action, but each action is limited to the greater of $5,000 in statutory damages or three times actual damages. On the other hand, the emphasis could be on the 'violation' -- a person 'who has been injured by *a* violation

---

[5] In *Lal*, the district court concluded that the "plain and commonsense" meaning of the statute was not ambiguous. *Lal*, 2017 WL 1345636, at *5.

of this chapter may bring an action against the person who committed *the violation* for the greater of the following amounts. . . .' Cal. Penal Code § 637.2(a)." *Ronquillo-Griffin*, 2017 WL 2779329, at *6 (emphasis added). Depending on whether one relies on "action" rather than "violation", the plain meaning of the statute can be interpreted with two different but reasonable meanings. Therefore, the "plain and commonsense" reading of the statute is ambiguous.

If the language is ambiguous, the court may "turn to extrinsic aids to assist in interpretation," including legislative history, public policy, contemporaneous construction by administrative agencies, and the overall statutory scheme, as well as maxims of statutory construction. *Murphy v. Kenneth Cole Prods., Inc.,* 40 Cal. 4th 1094, 1103–05 (2007). The court in *Ronquillo-Griffin* reviewed the legislative history and concluded that while the legislative history of the amendment was silent on whether statutory damages applied per violation such an interpretation could be inferred based on legislative history that the penal penalties for violations of section 632(a) were described as clarifying. *See id.* at *7.

As noted by the court in *Ronquillo-Griffin*, this Court also finds persuasive that prior to the January 2017 amendment, the California Supreme Court and California court of appeals asserted, in dicta, that section 637.2 provides for damages per violation. *See Ribas v. Clark*, 38 Cal. 3d 355, 365 (1985) (explaining "[632.7] authorizes civil awards of $3,000[6] for each violation of the Privacy Act despite a party's inability to prove actual injury."); *Coulter v. Bank of America*, 28 Cal. App. 4th 923, 925, 928 (1994) (stating the law as "Section 637.2 provides a private cause of action for any person injured by a violation of the Privacy Act with statutorily prescribed damages of $3,000 per violation" where trial court awarded damages of $132,000, "$3,000 for each of 44 specific

---

[6] The $3,000 was amended to $5,000 in 1992. See Coulter, 28 Cal. App. 4th at 928 n. 5.

violations of section 632 as authorized by section 637.2"); *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 167 (2003) ("to recover statutory damages for violation of section 632, Lieberman was not required to prove actual damages resulting from the recording.  He may recover up to $5,000 for each incident") (citing *Ribas*, 38 Cal. 3d at 365).  Accordingly, the Court concludes that the 2017 CIPA amendment to section 637.2 was a clarification and therefore, the $5,000 per violation" applies to Plaintiffs' CIPA claim.  Because Plaintiff Ewing is entitled to $5,000.00 "per violation", the Court awards him $25,000 for the five calls that violated CIPA.

## Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Plaintiffs' fourth motion for default judgment.  The Court GRANTS Plaintiff Ewing's motion for default judgment in the amount of $15,000 under the TCPA and $25,000 under the CIPA.  The Court DENIES Plaintiff Osgood's motion for default judgment.  The hearing date set for August 24, 2018 shall be **vacated.**

IT IS SO ORDERED.

Dated:  August 20, 2018

Hon. Gonzalo P. Curiel
United States District Judge