UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDINE OSGOOD, an individual ANTON EWING, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>Main Streat Marketing, LLC, a Utah limited liability company; Jerrod Robker, an individual aka Jerrod McAllister; DOES 1-100; ABC CORPORATIONS 1-100; XYZ, LLC's 1-100,<br><br>                             Defendants. | Case No.: 16CV2415 GPC BGS<br><br>**ORDER GRANTING DISMISSAL OF ACTION BY PLAINITFF CLAUDINE OSGOOD** |

      On May 15, 2019, the Court set a hearing for dismissal for want of prosecution as to Plaintiff Claudine Osgood because she has not prosecuted her case since the Court denied her motion for default judgment on August 20, 2018, (Dkt. No. 83). (Dkt. No. 89.) In response, on May 23, 2019, Plaintiff Claudine Osgood filed a notice of dismissal of all claims asserted by her. (Dkt. No. 92.)

      Civil Local Rule 41.1 provides that "[a]ctions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having

1

16CV2415 GPC BGS

been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk. Such a dismissal must be without prejudice, unless otherwise ordered." Civ. Local R. 41.1(a). Moreover, in relevant part, Rule 41(a)(2) provides "that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a request under Rule 41(a)(2) is within the sound discretion of the court. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 1975).

Here, Defendants initially appeared with counsel; however, once the Court granted defense counsel's motion to withdraw as counsel on March 27, 2017, (Dkt. No. 51), Defendants have failed to appear in the case. In fact, the Court partially granted Plaintiff Anton Ewing's motion for default judgment against Defendants. (Dkt. No. 83.) In that same order, the Court denied Plaintiff Osgood's motion for default judgment because she failed to provide proof of specific telephone calls made to her from Defendants to support her Telephone Consumer Protection Act ("TCPA") and California Invasion of Privacy Act ("CIPA") claims. (Id. at 5, 11.) Since that order, Osgood has made no efforts to prosecute the case. In response to the Court's order setting a hearing for dismissal for want of prosecution, Osgood filed a notice of voluntary dismissal.

Accordingly, the Court finds that it is proper to grant Osgood's dismissal of all her claims against Defendants alleged in the second amended complaint as Defendants have not appeared in the action since March 27, 2017, and there is no indication they will suffer
/ / / /

2

16CV2415 GPC BGS

any prejudice. Accordingly, the Court VACATES the hearing on June 21, 2019 and DISMISSES Plaintiff Claudine Osgood's claims in the second amended complaint. The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: June 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge